## Thruston v. Bailey.

(Decided January 20, 1914.)

### Appeal from Daviess Circuit Court.

Specific Performance—Premature Suit.—Where a landlord brought a suit against a tenant to enforce specific performance of the terms of the lease, the suit cannot be maintained unless it appears that the tenant is then about to commit some violation of the terms of the lease that will prejudice the rights and interests of the landlord.

HARRIETTE R. THRUSTON for appellant.

BIRKHEAD & WILSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In April, 1909, the appellant rented her farm to the appellee for a term of five years beginning January 1,

1910. The lease provided in substance that appellee should pay as rent for the farm twelve hundred dolars per year on the last day of December in each year. It further provided that the crops of corn, tobacco, wheat, clover and timothy should succeed each other in the order named, and that the appellee should have the right to cultivate each year thirty acres in corn, tobacco and wheat. It was further stipulated that if any of the land sown in grass should fail to produce an average crop that the appellee might immediately re-sow the same in grain with the consent of persons named as arbitrators in the writing. It was further stipulated that "if said rent be not paid when due, or if the specified rotation of crops be deviated from otherwise than as may be specified by said arbitrators, this lease may at the option of Mrs. Thruston immediately expire."

In October, 1911, Mrs. Thruston brought this suit against the appellee, charging that he had broken the contract in failing to rotate the crops in the manner stipulated in the lease and in planting more corn and other grain than the contract permitted him to plant, and in plowing up land that had been sown in grass, without submitting the question to arbitrators named in the lease, and in plowing up in the fall of 1911 land that had been sown in grass in the spring of 1911, without consulting with the arbitrators named in the lease. And the prayer of her petition was "that the defendant be required to specifically perform his contract, and be enjoined and restrained from violating the terms of the lease as hereinbefore set out, and especially from sowing and cultivating the same crop on the same land twice; and especially from growing any crop on land where he raised wheat in the year 1911, unless, and until he has submitted the matter to arbitrators as stipulated in said lease; and that he be required and compelled to grow only those crops stipulated in said lease, but in doing so follow the rotation stipulated for in said lease."

To this petition a general demurrer was sustained, and the plaintiff declining to plead further, the petition was dismissed, and this appeal prosecuted.

It will be observed that the plaintiff did not charge in the petition that the defendant was insolvent, or that he could not for any reason be required to acount to her in damages for any breach of the contract that he committed. She simply sought to require him to specifically

perform the contract and to restrain him from violating its terms. Manifestly the relief sought, except in respect to the averment that at the time the suit was filed he was plowing land that had been sowed in grass in the spring of 1911, for the purpose of putting it in some kind of grain, without submitting the matter to the arbitrator, was prospective, as the petition did not seek any relief for what had been done. In other words, in October, 1911, the plaintiff sought, by a petition in equity, to require the defendant to specifically perform in 1912 the terms of the lease. This was of course anticipating that in 1912 the defendant would break some of the conditions of the lease.

It seems to us the suit was premature, treating it as a suit for specific performance of the contract in 1912. In the ordinary course of farming, the defendant could not have broken the conditions of the lease by plowing more land than he should have in that year, or by failing to rotate the crops as he should have done in that year, until several months after the suit was brought. While we think that a suit for specific performance might be maintained in a case like this when it could be made effective or when the defendant was about to break the contract, the petitioner does not disclose any reason for the institution of this action in October, 1911, to prevent from doing something that he might not do in 1912. It is true that the petition sets up, in an indefinite way, a breach of the contract simultaneous with the bringing of the suit, but this breach is so uncertainly pleaded as not, under the averments of the petition, to be sufficient to state a cause of action. It is, too, worthy of notice that the petition does not claim that the plaintiff will suffer any great or irreparable damage by the conduct of the defendant, or that there was not adequate remedy at law in damages for any breach of the contract.

The judgment from which this appeal is prosecuted was not rendered until July, 1913, and the lease will expire in this year, but if the appellee has damaged the appellant by any breach of the contract, the appellant may maintain an action against him for the breach. But after carefully considering the ground of relief sought in the petition, we are inclined to the opinion that the lower court properly ruled that it did not state a cause of action.

Wherefore, the judgment is affirmed.